IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. DUSTIN LEE McGOUGH, Defendant/Movant. | Cause No. CR 19-44-M-DWM<br>CV 20-85-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

In this case Defendant/Movant Dustin Lee McGough's seeks to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. He is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, it is first necessary to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist.*

1

*Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On October 3, 2019, a grand jury indicted McGough on Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 (Count I), and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts II and III). *See* Indictment (Doc. 1.)

Peter Lacny was appointed to represent McGough on October 28, 2019. (Doc. 20). Shortly thereafter, Lacny determined he had a conflict in representing McGough, so Johnna Sutton was appointed as his replacement. (Doc. 27.) Sutton almost immediately moved to continue the trial, though the discovery deadline had just passed. (Doc. 28.) The motion was denied.

No further motions were filed until McGough's motion to change his plea. (Doc. 36.) McGough's changed his plea at a hearing on January 9, 2020, pleading guilty to Count I of the Indictment. The U.S. dismissed Counts II and III. (Doc. 45.)

A presentence report (PSR) was prepared. At sentencing, the report was adopted without change, except for correcting McGough's marital status. Based on a total offense level of 31 and a criminal history category of V, McGough's advisory guideline range was 168 to 210 months. To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), the Court varied below the guideline range to a sentence of 144 months in prison, to be followed by a five-year term of supervised release. *See* Minutes (Doc. 69); Judgment (Doc. 70) at 2-3.

McGough timely filed his § 2255 motion on June 17, 2020. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). McGough's original motion claimed that he received ineffective assistance of counsel from Sutton but alleged few facts regarding this allegedly deficient performance. In reviewing McGough's § 2255 motion he had not alleged sufficient facts under *Strickland v. Washington*, 466 U.S. 668 (1984) to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694. (Doc. 75.)

McGough was then given the opportunity to supplement his motion with facts that would support his claim that he received ineffective assistance of

counsel. After repeated extensions, he filed that supplement March 1, 2021. (Doc. 84.)

The gravamen of McGough's supplement is that he twice attempted to send his counsel his objections to the PSR, but she never received them and filed her own objections instead. His supplement lists several factual errors McGough finds with the various assertions of confidential informants included in the PSR. (Doc. 84 at 2-10.) Setting aside whether determining if counsel's efforts were ineffective could depend on whether she received mail sent to her before acting on her own, the question here is whether, if any of the information corrected by McGough had been removed, McGough's sentence would have been different. The sentence, including the downward variance to his benefit would not have changed.

### III. Analysis

McGough's objections cover a range of details, from whether he ever met certain people, to whether his wife's family lived in a certain house, to who paid for plane tickets. None of these facts are relevant to the sentence imposed on McGough. The only objections that could make any difference are those that would undermine the PSR's guideline determinations, which in this case would be McGough's objections to the drug quantity used to determine his base level of 32, and his role as a leader rather than an "average" conspiracy participant. In addition, McGough's assertion that he unsuccessfully sought assistance with an appeal

might form a basis for an ineffective assistance of counsel claim.

   A. Average Participant

McGough's supplement specifically contests the conclusion that he was a leader rather than an average participant in the conspiracy. (Doc. 84 at 2.) If McGough were determined to be an average participant rather than a leader, his final offense level (given the other deductions in the PSR) would be 29 instead of 31. However, McGough's counsel specifically addressed this issue in her objections to the PSR and in her sentencing memorandum. (Doc. 66 at 3-6.) Even the U.S. agreed with McGough's position on this issue in the plea agreement and at the change of plea. Though McGough's counsel argued at sentencing that McGough should be considered only an average participant, the Court made its own determination that McGough was not. McGough has not identified any way in which his counsel's argument on this point was insufficient, unreasonable, or inaccurate; he is simply unhappy that the Court did not accept it. Under the *Strickland* analysis, he has failed to establish either prong. He has not shown why counsel's performance was deficient, and, given that both the U.S. and defense counsel advocated for the same position, he has not shown that any other strategy on his behalf would have changed the outcome. This ground for his § 2255 is unavailing.

   B. Drug Quantity

McGough never specifically states in his original motion or in his supplement that he disputes the total drug quantity that was the basis for his guideline level. But he does dispute a few of the factual assertions regarding quantity or specific drug sales or recollections by the confidential informants mentioned in the PSR. (Doc. 84 at 5 and 9, asserting that FedEx receipts would show accurate weight amounts.) McGough's plea agreement included the base level of 32, which is based on a converted quantity of at least 3000 kg. (Doc. 39.) The PSR holds him responsible for a converted quantity of 7820 kg. Therefore, to affect his base level, he would have to credibly reduce his quantity by roughly 60 percent. The vague allegations in McGough's supplement do not credibly undermine the quantity determinations of the PSR or rebut the weight of the testimony that the U.S. claimed it could present, and that he agreed to in his change of plea colloquy. He does not specifically state that counsel was ineffective for not challenging this amount, and he cannot show that any objection could, to a reasonable probability, make a difference in the outcome of his case. This ground is insufficient to require service of his § 2255.

C. Appeal

The final issue, raised in McGough's initial filing but not supplemented or mentioned again, relates to his claim that counsel failed to "explain his rights to appeal," revealing that "she is not knowledgeable about the law." (Doc. 73 at 11.)

McGough contends that he was deprived of his right to a direct appeal, due to his attorney's failure to do explain his options to him. (Doc. 73 at 12.) McGough relies on a text exchange with counsel and a letter from counsel to support this claim. (Doc. 73-2 at 1-2.)

However, the texts and the letter make clear that he and counsel were discussing this very § 2255 motion. The texts and letter show that defense counsel had discussed McGough's options for post-conviction relief and was attempting to advise him about his rights to question her representation of him, regardless of whether there was miscommunication between them about what exactly he was going to do. He had waived, in his plea agreement, his right to appeal his sentence. The only grounds available to him on direct appeal would be ineffective assistance of counsel, but he did not lose the right to raise that issue because he has done so here; there is no appeal exhaustion requirement for an ineffective assistance claim.

The Ninth Circuit usually refrains from hearing ineffective assistance claims on direct appeal because the record rarely reveals why counsel acted as they did. *See, e.g.*, *United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). McGough has not shown that, under the facts of his case, counsel unreasonably failed to perform a specific task in not filing an appeal as to ineffective assistance. Further, he was not prejudiced by her failure to file such an

appeal, since he has had the full opportunity to file this case to address his concerns.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

McGough's claims do not meet the relatively low threshold required for a COA. McGough does not identify any respect in which counsel's performance was unreasonable. He identifies several facts that he claims are incorrect in his PSR, and he is frustrated that his counsel did not receive his mailing outlining those discrepancies, but none of the discrepancies prove fatal to the conclusions in the PSR or the judgment of the Court. Nor does he identify any reasonable probability of a different outcome if counsel had done anything differently. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. McGough's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 73) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if McGough files a Notice of Appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 20-85-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against McGough.

DATED this __4th__ day of August, 2021.

                                           15:02 PM

                             Donald W. Molloy
                             United States District Court