IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN LEE MCGOUGH,<br><br>Defendant. | CR 19–44–M–DWM<br><br><br><br>ORDER |

On July 13, 2023, Defendant Dustin Lee McGough filed a motion to reduce his 144-month federal drug sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 87; see Doc. 70 (Judg.).) His projected release date is November 17, 2029. See Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 17, 2023). On July 14, 2023, counsel was appointed to represent the defendant. (Doc. 88.) Appointed counsel filed an amended motion on November 9, 2023. (Doc. 94.) The government opposes. (Doc. 97.) For the reasons stated below, the defendant's motion is denied.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the

1

Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, the defendant argues his mother's need for end-of-life care coupled with his substantial rehabilitation constitute an extraordinary and compelling reason for early termination of his sentence. The government counters that nothing argued by the defendant rises to the level of extraordinary, and even if it did, the 18 U.S.C. § 3553(a) factors weigh against early termination. Although the defendant is correct as to his extraordinary and compelling reason argument, early termination is ultimately not warranted because the defendant has not demonstrated why his sentence should be cut short under the factors set out in § 3553(a).

**I.    Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the defendant filed a request for relief with the warden at his facility on June 1, 2023, and it was received by the Warden's office on June 5, 2023. (*See* Doc. 95-1.) More than thirty days have passed, and the Warden has yet to respond. The government also concedes that McGough has exhausted his administrative remedies. (*See* Doc. 97 at 5.) The defendant has therefore exhausted his administrative remedies as required by statute.

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent," and "any other circumstances that, when considered by themselves or together with [the death of the defendant's parent], are similar in gravity to those" enumerated by the Sentencing Commission. U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(C). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a

3

reduction in the defendant's term of imprisonment is warranted." U.S. Sent'g Guidelines Manual §1B1.13(d). Further, "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in term of imprisonment." *Id.* §1B1.13(e).

Here, McGough argues his mother's need for end-of-life care constitutes an extraordinary and compelling reason for early termination of his sentence. In response, the government only provides one sentence of conclusory analysis, averring that "nothing provided by the defense shows enough evidence for this Court to identify" that McGough's circumstances are extraordinary and compelling. McGough has the better argument. McGough provides in great detail how his mother's physical health has deteriorated to such a degree that she is confused and cannot care for herself on her own. (*See* Doc. 96.) In short, she has become "incapacitat[ed]." U.S. Sent'g Guidelines Manual §1B1.13(b)(3)(C). The evidence provided by McGough also demonstrates that "the defendant would be the only available caregiver for [his] parent." *Id.*

McGough also argues that substantial rehabilitation along with his complex release plan may be considered alongside another extraordinary and compelling reason. U.S. Sent'g Guidelines Manual §1B1.13(d). It appears that McGough has taken substantial steps to rehabilitate himself by limiting disciplinary infractions and learning life skills in the electrician trade. In accordance with §1B1.13(d), this

4

rehabilitation is considered alongside his argument above. Accordingly, McGough's reasons collectively constitute an extraordinary and compelling reason.

### III. Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6). McGough acknowledges the seriousness of his offense but argues that his history and characteristics warrant early termination. The government responds that it is exactly that history and those characteristics that should prevent his early release. The government is correct.

5

McGough was pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. The PSR reflects McGough was deeply involved in the methamphetamine trade in the Missoula area, including facilitating the import of large quantities of the drug from out of state. (*See* PSR ¶¶ 10–49.)

McGough was sentenced to 144 months, after the Court applied a downward variance from the 168 to 210 months recommended as his guideline range. The variance was applied to avoid unwarranted sentencing disparities, but in crafting the sentence, the Court considered his multiple criminal convictions for serious offenses, including a former federal drug conviction. (*See* PSR ¶ 69.) The Court also considered that although McGough received many letters of recommendation averring that he is not a violent person, his criminal history reflects an opposite conclusion. McGough's existing sentence therefore already reflects a favorable consideration of his criminal history, his willingness to pursue treatment, and his health concerns. Put simply, McGough's sentence was the lowest the Court could justify in light of his conduct. Reducing McGough's sentence to the approximately 42 months or 31 percent of his full term would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for

6

compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 87, 94) is DENIED.

DATED this 4th day of December, 2023.

_____
Donald W. Molloy, District Judge
United States District Court